# IN THE COURT OF APPEALS OF IOWA

No. 15-0056
Filed September 10, 2015

**KERI RACETTE,**
    Plaintiff,

vs.

**IOWA DISTRICT COURT FOR FLOYD COUNTY,**
    Defendant.
_____

Certiorari to the Iowa District Court for Floyd County, Christopher C. Foy, Judge.


A mother appeals the district court's order finding her in contempt for failing to comply with the temporary visitation order. **WRIT ANNULLED.**


John Slavik of Elwood, O'Donohoe, Braun & White, L.L.P., Charles City, for plaintiff.

William P. Baresel of Prichard Law Office, P.C., Charles City, for defendant.


Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

Keri Racette filed a direct appeal from the district court's December 8, 2014 order finding she was in contempt for failing to return the parties' two children to Iowa in September of 2014 as ordered by the court in a temporary custodial order so that Patrick Racette could exercise his visitation.[1] Keri asserts the evidence does not prove she willfully failed to return the children to Iowa as she was without funds to pay for a trip from New York to Iowa. We annul the writ.

**I. Background Facts and Proceedings.**

In February 2014, Keri Racette left the marital home in Charles City, taking her two young children to New York to live with her mother. Patrick Racette, the children's father and Keri's husband, filed a petition for legal separation, requesting the children be placed in his physical care in Iowa. Keri answered the petition, asking that the children be placed in her physical care in New York.

The case came on for a hearing based on an application for temporary custody. In the order, the court

---

[1] This case was filed as a direct appeal, but it should have been filed as a petition for a writ of certiorari. *See* Iowa Code § 665.11 (2013). However, filing a notice of appeal instead of a petition for writ of certiorari is not fatal to our review. *See* Iowa R. App. P. 6.108 ("If any case is initiated by a notice of appeal, . . . and the appellate court determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested. The court may treat the papers upon which the action was initiated as seeking the proper form of review and, in appropriate cases, may order the parties to file jurisdictional statements. Nothing in this rule shall operate to extend the time for initiating a case."). We therefore treat Keri's notice of appeal as a petition for writ of certiorari; we grant the writ and proceed.

*reluctantly* concludes that during the pendency of these proceedings Keri shall have temporary physical care of the children based on the fact that she is breast-feeding the parties' youngest child. The court feels compelled to comment on Keri's unilateral decision to relocate with the children. Perhaps a full presentation of evidence will show that her actions were justified, but her burden will be substantial. Iowa law requires a custodial parent to support the relationship between the children and the noncustodial parent. At this point one can fairly wonder whether Keri has an appropriate appreciation of Patrick's rights/role as a father. Hopefully a full presentation of evidence will indicate that is not the case.

Because Keri made the decision to relocate unilaterally and chose to move so far away, it would be inequitable to require Patrick to share the responsibility of transporting the children to Iowa for his visits. Given the distance between Iowa and New York it is not feasible that visits occur more than once a month. Accordingly, Keri will be required to transport the children to Iowa for one week each month until further order of the court. Unless otherwise agreed, Patrick will be entitled to care for the children for one week each month from 12:00 p.m. on the first Sunday of each month through 12:00 p.m. the following Saturday, commencing August 3rd.

In this order, the court also set child support for Patrick at $556.82 each month.

Both parties filed applications for rule to show cause. Keri alleged Patrick failed to pay his child support as ordered, and Patrick alleged Keri failed to return the children to Iowa in September for his week of visitation. Both applications came on for hearing on November 17, 2014. After hearing testimony from both parties and receiving exhibits from Keri as to the cost of the trips she has taken with the children from New York to Iowa for the visitation in August, October, and November, the court ruled

Patrick has proved beyond a reasonable doubt that Keri willfully refused and denied him visitation with their children in September. Keri admits that because she did not bring the children back to Iowa then, Patrick was unable to have visitation with the children in September as provided in the Interim Order. The Interim Order specifically obligates Keri to transport the children from her present home in New York back to Iowa for purposes of facilitating

visits with Patrick. Keri attempts to justify her failure to give Patrick visitation with the children in September due to the cost of traveling from New York to Iowa. The Court has no doubt that it is an expensive proposition for Keri come to Iowa with the children. The simple fact that compliance with a court order might be costly does not, in and of itself, excuse noncompliance. The Court notes that Keri was able to make the trip back to Iowa with the children in August, October, and November. Keri did not present any evidence to show that she could not raise the funds to travel back to Iowa with the children in September or that doing so would have imposed an undue hardship on her. Rather, Keri apparently decided that she did not want to incur this cost, knowing full well this meant Patrick would not have visitation. The Court finds that Keri willfully and intentionally denied Patrick visitation with their children in September as provided under the Interim Order simply because she did not want to bear the cost of transporting the children to Iowa and back.

The court went on to conclude that Patrick was not in contempt for failing to pay child support because by the time of the hearing, he was completely current in his payments. The court ordered Keri to serve seven days in the county jail or she could purge the contempt finding by providing Patrick one additional week of visitation between then and January 22, 2015.

Keri seeks review of the court's order.

## II. Scope and Standard of Review.

A certiorari action is at law, and our review is therefore for correction of errors at law. *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). "[W]e can only examine 'the jurisdiction of the district court and the legality of its actions.' When the court's findings of fact are not supported by substantial evidence, or when the court has not applied the law properly, an illegality exists." *Id.* (citations omitted).

### III. Contempt.

In this action, Keri asserts the district court improperly shifted the burden to her to prove her failure to comply with the temporary order was not willful. She notes the court stated she "did not present any evidence to show that she could not raise the funds to travel back to Iowa with the children in September or that doing so would have imposed an undue hardship on her." She claims this statement shows an inappropriate shifting of the burden of proof to her.

> A party alleging contempt has the burden to prove the contemner had a duty to obey a court order and willfully failed to perform that duty. If the party alleging contempt can show a violation of a court order, the burden shifts to the alleged contemner to produce evidence suggesting the violation was not willful. However, the person alleging contempt retains the burden of proof to establish willfulness beyond a reasonable doubt because of the quasi-criminal nature of the proceeding.

*Id.* (citations omitted).

Patrick held the initial burden to prove a violation of the court order. *See id.* There was no dispute Keri did not return the children to Iowa or otherwise make arrangements with Patrick so that he could exercise a week of visitation in September as required under the temporary order. Patrick satisfied his initial burden. The burden then appropriately shifted to Keri to produce evidence suggesting the violation was not willful. *See id.* Keri maintains it was Patrick's obligation to prove she had assets or funds available to finance the travel in September; however, it was her duty to produce some evidence to show the violation was not willful. The district court noted Keri did not produce evidence to show she could not raise the funds or that raising the funds would have created an undue hardship. The court correctly shifted the burden to Keri on this point.

The district court then correctly allocated the final burden of persuasion to Patrick—"Patrick has proved beyond a reasonable doubt that Keri willfully refused and denied him visitation with their children in September." We conclude the district court appropriately shifted the burdens in the contempt proceeding.

Next, Keri asserts the district court ignored the entirety of her evidence in finding her in contempt. Keri testified she was not employed in New York because she did not have her license to practice in that state and had not looked into getting any other employment.[2] She testified it would be hard to maintain employment when she would be required to miss a week of work to travel back to Iowa every month. She had no income except child support. She testified her mother had paid in excess of $6000 to finance the three trips she had taken by the time of the show cause hearing. There was no indication that her mother expected to be repaid, though Keri in her brief repeatedly asserts she "borrowed" the money. There was also no testimony regarding whether she had sought but was unable to procure the money to pay for the September trip from her mother or from other sources.

She admitted she did not attempt to work out an arrangement with Patrick to make up the September visitation, though she had been able to make arrangements with Patrick by moving the dates of the October and November visitations to permit her to get more cost effective transportation. We also note according to the evidence admitted at the hearing the August visitation did not occur on the dates ordered by the court. Patrick testified that he speaks with the

---

[2] Keri is a psychologist who only had her license to practice in Iowa when she moved to New York.

children daily while they are in New York and Keri never advised him during those calls or at any other time that she could not afford to travel to Iowa in September. However, in light of the fact Keri was not working, it did not surprise Patrick that Keri did not have money to finance the trips.

In reaching its decision, the district court noted Keri's assertion was that she did not make a trip in September due to the cost, but the court concluded that the cost of the trip was not an excuse for noncompliance in light of her ability to make the trip in August, October, and November. The court also noted her failure to offer any evidence to show that she was unable to raise the funds for a trip in September or show that raising the funds would have caused her undue hardship. We conclude the court did not ignore the evidence Keri offered but simply found it unconvincing. Substantial evidence supports the court's contempt findings. *See id.* at 624–25 (noting that a contempt findings must be established by proof beyond a reasonable doubt and therefore substantial evidence to support a contempt finding is "evidence that could convince a rational trier of fact that the alleged contemner is guilty of contempt beyond a reasonable doubt"). We therefore annul the writ.

**WRIT ANNULLED.**